UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHAEL WEBSTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LLR, INC., d/b/a LuLaRoe<br><br>Defendant. | Case No.<br><br><br>Filed Electronically<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Rachael Webster ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant LLR, Inc. ("LuLaRoe" or "Defendant"), and states:

## INTRODUCTION

1.   This is a class action regarding Defendant's unauthorized collection of spurious sales taxes on purchases delivered into jurisdictions where no such tax exists.

2.   Defendant is a multilevel-marketing company that sells clothing through fashion consultants located in all fifty states.

3.   Defendant requires its consultants to process sales through a proprietary, online point-of-sale payment platform, called "Audrey."

4.   Audrey automatically charges customers sales tax based on the location of Defendant's consultant who made the sale, and not the laws of the taxing authority where Defendant delivered the purchase, *i.e.* the "ship to address."

5.   Defendant overcharges buyers up to 10.25% every time a consultant who lives in a jurisdiction that taxes clothing makes a sale where delivery is made to a jurisdiction that does not.[1]

---

[1] As of January 1, 2016, Chicago, IL had the highest combined sales tax on clothing, at 10.25%.

6. Plaintiff brings this action on behalf of herself and all others similarly situated to challenge Defendant's unlawful, unjust, deceptive and fraudulent practice, and to obtain refunds for those consumers Defendant damaged through its unauthorized overcharges on purchases for which no sales tax exists.

7. Plaintiff seeks damages, attorney's fees and costs, restitution, and all other relief deemed appropriate under the statutory and common law causes of action asserted herein.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C §1332(d): the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000; this case is a class action in which at least some members of the proposed class have a different citizenship from Defendant; and there are more than 100 putative class members.

9. The Western District of Pennsylvania has personal jurisdiction over Defendant named in this action because Defendant conducts substantial business in this District.

10. Venue is proper in the Western District of Pennsylvania under 28 U.S.C. § 1391(b) because Plaintiff purchased products from Defendant in this District, and a substantial part of the acts and omissions giving rise to her claims occurred here.

## PARTIES

11. Plaintiff Rachael Webster, is and, at all times relevant hereto, has been a resident of Allegheny County, Pennsylvania.

12. Defendant is a multilevel-marketing company incorporated in Wyoming and headquartered in California.

13. Defendant sells shirts, skirts, dresses, and leggings to consumers across the United States. Defendant utilizes more than 35,000 fashion consultants to sell its clothing products. Defendant's consultants are located in all fifty states.

14. Defendant is projected to make $1 billion in sales in 2016, and, over the last 24 months, has grown by approximately 600%.

## STATEMENT OF FACTS

15. Sales tax is a consumption tax on the purchase of goods or services assessed by some states and municipalities.

16. A retail transaction is only subject to sales tax in the taxing authority where the goods are delivered.

17. For example, when a buyer and seller reside in the same state, and the buyer takes possession of the purchased goods in that state, the sales tax laws of the buyer and seller's state govern the transaction.

18. On the other hand, when the buyer and seller reside in different states, and the seller delivers the purchased goods from its state to the buyer's state, the sales tax laws of the buyer's state govern the transaction.

19. Defendant is aware of these tax collection and assessment procedures and knows how to assess sales tax on its clothing sales.

20. In or around October 2015, LuLaRoe notified its consultants, stating:

> When we finalize the taxation element of Audrey, ***all sales tax will be assessed against the ship to address*** and you will be able to input your customer's information before you finalize payment ***and have it calculate the appropriate tax***. This next step will continue to align us with our belief in being a good corporate tax citizen by helping facilitate the collection of sales tax on products sold and received across the country.

(emphasis added).

21. Audrey is Defendant's proprietary, online point-of-sale system through which Defendant processes all sales that its consultants make.

22. Defendant's fashion consultants have no ability to control or adjust the sales tax that Audrey applies to each transaction.

23. Instead, Defendant has configured Audrey to automatically charge customers sales tax based on the location of Defendant's consultant who made the sale, and not the laws of the taxing authority where Defendant delivered the purchase, *i.e.* the "ship to address."

24. As Defendant's CEO, Mark Stidham, explained in 2016:

> Your customers will be charged the sales tax from your state, city and/or county, not theirs. If you live in a state where sales tax does not apply, then your customer will not be charged any sales tax. State laws require us to collect this and in order to comply with the reporting they have instructed us to provide them relative to your sales and we have found this method to be the most efficient for now.

25. Defendant's failure to calculate tax based on the buyer's ship to address is problematic because many taxing authorities do not charge sales tax, or exempt clothing from sales tax, on purchases made or shipped to their tax jurisdiction.

26. As a result, if a buyer purchases Defendant's clothing from a consultant in a jurisdiction that charges sales tax, but the purchase is delivered into a jurisdiction that does not charge sales tax, Defendant's payment system overcharges the buyer in the guise of a sales tax that does not exist in the jurisdiction governing that transaction.

27. Defendant does not remit this overcharge to the taxing authority that governs that transaction.

28. For instance, Plaintiff made at least 12 separate purchases from Defendant's consultants located in jurisdictions that assess sales tax on clothing.

29. Defendant's consultants delivered these purchases to Plaintiff at her home in Pennsylvania.

30. Pennsylvania does not charge sales tax on the clothing Defendant sells and Plaintiff purchased. *See* 72 P.S. § 7204.

31. Yet, throughout 2016, Defendant's payment system, Audrey, charged Plaintiff a nonexistent sales tax on these 12 clothing purchases.

32. For these purchases, Plaintiff paid a total of $585.16, of which Defendant overcharged her $35.16 in the guise of an ostensible "sales tax."

33. These funds are not an authorized tax and Plaintiff's taxing authorities never authorized Defendant to collect or remit sales tax on these purchases.

34. This ostensible sales tax was never paid to or held in trust for the Pennsylvania State Taxing Authority.

35. Instead, Defendant retained the fraudulently obtained $35.16, or remitted it to taxing authorities outside of Pennsylvania, which authorities have no jurisdiction to assess sales tax on purchases shipped to Pennsylvania.

36. Defendant's sales tax assessment practices, in effect, are improperly and fraudulently adding a surcharge to purchases, and are disguising those surcharges as a "sales tax" that does not exist, and for which Defendant lacks authority to collect or remit.

37. The "sales tax" surcharge is more than the price advertised online for the product and purchasers do not become aware of this overcharge until Audrey sends them an invoice.

38. Plaintiff and the other members of the class will continue to be injured by Defendant's conduct as they intend to continue purchasing Defendant's goods.

39. Defendant's unlawful and unauthorized tax assessments have harmed and will continue to harm residents whose taxing authorities do not charge sales tax on Defendant's clothing or that do not charge sales tax generally, but who, like Plaintiff, purchase Defendant's product from sellers located in jurisdictions that do charge such tax.

## **CLASS ALLEGATIONS**

40. Plaintiff brings this class action on behalf of herself and all other similarly situated class members under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, and seeks to certify the following multi-state class:

> All persons who were or will be assessed sales tax on clothing purchases processed through Audrey, and whose purchases were or will be delivered to tax jurisdictions of the United States that do not authorize a collection of sales tax on the clothing Defendant sells.

41. Excluded from the class is Defendant, as well as its past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

42. Plaintiff reserves the right to expand, limit, modify or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

43. <u>Numerosity</u>. The class described above is so numerous that joinder of all members is impracticable. The disposition of the individual claims of the respective class members will benefit the parties and the Court and will facilitate judicial economy.

44. <u>Ascertainability</u>. The class members are ascertainable through records kept by Defendant. Plaintiff and class members were required to input their personal and financial

information into Audrey to purchase products from Defendant. Defendant records this information and the products the class members purchased in internal databases.

45. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the members of the class. The claims of each class member arise from the same course of conduct: Defendant's requirement that class members pay for their purchases via an online point-of-sale payment platform that automatically assesses sales tax without consideration of the laws of the taxing authorities where the class members reside. The claims of Plaintiff and Class Members are based on the same legal theories and arise from the same unlawful conduct.

46. <u>Existence and Predominance of Common Questions of Law and Fact</u>. This action involves common questions of law and fact, which predominate over any questions affecting individual class members. These common questions include, but are not limited to, the following:

   a. Whether Defendant collected funds from Plaintiff and individual class members under a nonexistent tax;

   b. Whether the law authorizes these converted funds;

   c. Whether Defendant lacks authority under the law to collect funds under a nonexistent tax;

   d. Whether Defendant's illegal and unauthorized collections caused its unjust enrichment;

   e. Whether Defendant's conduct was fraudulent;

   f. Whether Defendant's conduct was deceptive and likely to mislead consumers; and

   g. Whether Defendant converted funds that lawfully belonged to Plaintiff and the class members.

47. <u>Adequacy of Representation</u>. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the Class Members. Plaintiff will fairly, adequately, and vigorously represent and protect their interests and Plaintiff has no interest

antagonistic to the Class Members. Plaintiff has retained counsel who are competent and experienced in class action litigation, and who possess specific expertise in consumer class actions.

48.     Superiority. The nature of this action and the nature of laws available to Plaintiff and the class make the use of the class action format a particularly efficient and appropriate procedure to afford relief for themselves and the class for the wrongs alleged. The damages or other financial detriment suffered by individual class members is relatively modest compared to the burden and expense that individual litigation of their claims against Defendants would entail. It would thus be virtually impossible for Plaintiff and class members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent class action litigation, class members, and the general public would not likely recover, or would not likely have the chance to recover damages, and Defendant will be permitted to retain the converted proceeds of its fraudulent and deceptive misdeeds.

49.     General Applicability. Defendant's conduct in charging and collecting sales tax on purchases to which it is not authorized to assess or collect such charges is generally applicable to the class as a whole, making certification under Federal Rule of Civil Procedure 23(b)(2) appropriate.

## COUNT I
**Breach of Constructive Trust**

50.     The allegations contained in the previous paragraphs are incorporated by reference.

51.     Plaintiff brings this claim under the laws of Pennsylvania, and all similar state laws.

52.     Defendant charged money to Plaintiff and class members that was ostensibly to be applied for a particular purpose, *i.e.*, the payment of sales taxes to the Pennsylvania Department of Revenue or another tax jurisdiction in which the class members reside.

53. There was no legal basis to charge these amounts to Plaintiff and the class because Pennsylvania does not charge sales tax on Defendant's clothing sales, and the tax jurisdictions where Defendant's fashion consultants reside do not have authority to assess sales tax on the class members' purchases, which were not made in or shipped to the tax jurisdictions of Defendant's fashion consultants.

54. The amounts Defendant charged and collected from Plaintiff and class members for this ostensible purpose created and continue to create a constructive trust, with Defendant serving as a trustee for purposes of ensuring the funds held in trust were and are paid to the proper payee.

55. Defendant improperly retained the constructive trust funds, in which case it has been unjustly enriched, or alternatively, improperly paid the trust funds to a third party (*i.e.* the taxing jurisdiction in which a fashion consultant is located) which had no authority or jurisdiction to assess those charges and was not entitled to receive those funds.

56. Whether Defendant obtained the funds subject to the constructive trust from Plaintiff and individual class members intentionally or through mistaken belief or assumption that taxes were payable, the taxes collected were not payable either in fact or law, and the funds paid by Plaintiff and class members are recoverable from Defendant, which breached its duties and obligations as trustee by failing to remit the funds to the proper payees (the class members).

## COUNT II
### Unjust Enrichment

57. The allegations contained in the previous paragraphs are incorporated by reference.

58. Plaintiff brings this claim under the laws of Pennsylvania, and all similar state laws.

59. By charging Plaintiff and individual class members amounts for an ostensible sales tax on items for which no such tax exists, Defendant received funds to which it has no legal right.

60. To the extent Defendant retained or improperly distributed the nonexistent sales taxes it assessed Plaintiff and the class members, or otherwise benefitted from charging them a phony sales tax (*i.e.*, by retaining a percentage of the taxes it collected after remittance to a certain taxing jurisdiction), Defendant is unjustly enriched, to the deprivation of Plaintiff and class members.

61. It would be inequitable if Plaintiff and individual class members were not reimbursed for the amounts Defendant wrongfully took from them.

62. Therefore, Defendant must return the funds it unlawfully collected to Plaintiff and the class.

## COUNT III
### Unfair Trade Practices and Consumer Protection Law

63. The allegations contained in the previous paragraphs are incorporated by reference.

64. Plaintiff brings this claim under the laws of Pennsylvania, and all similar state laws.

65. Plaintiff and Defendant are "persons" under the Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. § 201-1, *et seq.*

66. The products purchased by Plaintiff are "goods…primarily for personal, family or household purposes." 73 P.S. § 201-9.2.

67. The UTPCPL declares as unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 21 of this act." 73 P.S. § 201-3.

68. Under clause (4), unfair methods of competition and unfair or deceptive acts or practices are defined as "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

69. Defendant violated the UTPCPL by engaging in fraudulent and deceptive conduct which created the likelihood of confusion and misunderstanding.

70. Specifically, Defendant unlawfully collected sales tax on its clothing sales and failed to disclose that it was not authorized to collect such taxes.

71. Defendant's representations that it was collecting and remitting taxes to the taxing authorities in which Plaintiff and the class members reside were fraudulent and deceptive, because Defendant was not collecting tax under that authority. Instead, Defendant either collected those amounts for itself or for taxing authorities that had no jurisdiction to assess sales tax on the class members' transactions.

72. Defendant intentionally violated the UTPCPL by programming its online point-of-sale payment system to collect sales tax on clothing when such collection was unlawful and not authorized by the taxing authority of the buyer.

73. Accordingly, Plaintiff and individual class members are entitled to recover actual damages, statutory damages, treble damages, costs and reasonable attorneys' fees, and/or other additional relief as this Court deems necessary or proper.

## COUNT IV
### Conversion and Misappropriation

74. The allegations contained in the previous paragraphs are incorporated by reference.

75. Plaintiff brings this claim under the laws of Pennsylvania, and all similar state laws.

76. By its conduct, Defendant has converted and/or misappropriated funds belonging to Plaintiff and individual class members.

77. Defendant had no authority to collect taxes pursuant to the tax jurisdictions in which Plaintiff and the class members reside, and the tax jurisdictions in which Defendant's fashion consultants were located had no authority to impose sales taxes on Plaintiff and the class members

because the purchases of Plaintiff and the class members were not made in or shipped to those tax jurisdictions.

78. As such, Defendant's collection of sales tax converted and misappropriated the funds of Plaintiff and the members of the class.

79. The conversion and misappropriation of these funds are illegal, unjustified, and intentional, insofar as it is believed and therefore averred that Defendant has actual knowledge of the regulations of the taxing authorities in which Plaintiff and individual class members reside.

80. Alternatively, if the conversion and/or misappropriation was not deliberate, it is the result of Defendant's recklessness and gross neglect.

81. This conversion and misappropriation of funds benefitted and continues to benefit Defendant, while acting to the severe pecuniary disadvantage of Plaintiff and class members.

82. Defendant should be ordered to remit all illegally taken funds to Plaintiff and the class.

## PRAYER FOR RELIEF

83. Wherefore, Plaintiff, on behalf of herself and the other members of this class, requests this Court award relief against Defendant as follows:

   a. An order certifying the class and designating Rachael Webster as the Class Representative, and her counsel as Class Counsel;

   b. Awarding Plaintiff and the proposed class members damages;

   c. Awarding attorneys' fees and costs; and

   d. For such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 17, 2017	Respectfully Submitted,

By:	*/s/ R. Bruce Carlson*
R. Bruce Carlson, Esq.
bcarlson@carlsonlynch.com
Pa. ID No. 56657
Gary F. Lynch, Esq.
glynch@carlsonlynch.com
Pa. ID No. 56887
Kevin Abramowicz
kabramowicz@carlsonlynch.com
Pa. ID No. 320659
Kevin W. Tucker, Esq.
Pa. ID No. 312144
ktucker@carlsonlynch.com

**CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(p) (412) 322-9243
(f) (412) 231-0246


By:	*/s/ Kelly K. Iverson*
Kelly K. Iverson
Pa. ID No. 307175
kiverson@cohenlaw.com

**COHEN & GRIGSBY, P.C.**
625 Liberty Avenue
Pittsburgh, PA 15222
(p) (412) 297-4838